11 ARMSTRONG, C.
J., respectfully concurs in the result.
I respectfully concur in the result reached by the majority because under the manifest error standard of review I cannot say that the trial judge was clearly wrong in finding as a matter of fact that “the medical expenses ... incurred were not the result of an on going condition nor the result of a single illness, as required by the Consent Judgment of February 16, 2001 and LSA R.S. 9:315.”
However, I believe that under LSA R.S. 9:315 co-pay amounts and deductibles of less than one hundred dollars may, as a matter of law, be cumulated in order to reach the one hundred dollar threshold set forth in the definition of extraordinary medical expenses under the statute. This matter appears to be res nova.
I would analyze this by first considering the definition of “extraordinary medical expenses” as defined by the consent judgment which incorporates by reference the definition found in La. R.S. 9:315 C(3):
“Extraordinary medical expenses” means uninsured expenses over one hundred dollars for a single illness or condition. It includes but is not limited to reasonable and necessary costs for orthodontia, dental treatment, asthma treatment, physical therapy, uninsured chronic health problems, and professional counseling or psychiatric therapy for diagnosed mental disorders.”
lijThe underlying question raised by this appeal is whether one may cumulate expenses incurred over a period of time in order to reach the one hundred dollar threshold set by La. R.S. 9:315 C(3). If the answer to this question were “no”, one would have expected the legislature to have written a much simpler one sentence statute. For example, there would have been no need to mention chronic health problems.
By including chronic health problems this definition clearly includes ongoing health problems. Many other items on the list of specifically included physical and mental health related concerns are commonly associated with multiple treatments, visits, consultations, or therapy sessions, many of which might not ordinarily exceed one hundred dollars per treatment, visit, consultation or therapy session, but which could quickly mount up to a significant amount over a period of time.
*1206 From this I infer the intention of the legislature to permit the cumulation of expenses arising out of chronic or ongoing conditions which would include co-pay-amounts, as such amounts by definition are uninsured.
This is consistent with the fact that the term “extraordinary” as used in the statute does not have the meaning normally ascribed to it, but is instead a term of art defined by the legislature. In this era of high medical costs one would not normally consider a medical expense of a mere one hundred dollars to be extraordinary.
Moreover, the broad reference to all “chronic health problems” in general invokes an image of conditions, many of which would not be spoken of as extraordinary in common parlance. The same is true of the sweeping reference without any limiting language to “dental treatment.” Indeed, the definition of the legislature is so broad and the dollar threshold amount is so small as to imply an [¡¡intention of extremely broad coverage, including the cumulation of uninsured amounts in order to reach the one hundred dollar threshold.
However, I would read into the statute a standard of reasonableness. I would limit cumulated to a reasonable period of time.
Finally, I note that when the reference in the Consent Judgment to the “accumulated total” is placed in the context of the pertinent part of that judgment, it becomes obvious that it refers solely to school expenses and not to both health insurance premiums and school expenses:
These school related expenses are to be provided to John Treitler as they occur and the required payments from John Treitler as they occur and the required payments from John Treitler are to be paid on a monthly basis but only for one (1) month’s expense(s) at a time. In the event these expense(s) are submitted to John Treitler for a period of more than one (1) month he is only required to pay or reimburse said expenses(s) for one (1) month at a time, and not the accumulated total. [Emphasis added.]
For the foregoing reasons, I respectfully concur in the result reached by the majority.